1   IRENE KARBELASHVILI, Esq. (SBN 232223)
    IRAKLI KARBELASHVILI, Esq. (SBN 302971)
2   ALLACCESS LAW GROUP
    irene@allaccesslawgroup.com
3   irakli@allaccesslawgroup.com
    1400 Coleman Ave Ste F28
4   Santa Clara, CA 95050
    Telephone: (408) 295-0137
5   Fax: (408) 295-0142

6   Attorneys for Plaintiffs

7   TINA BOURI; SAMER BOURI; and BANDALI BOURI

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12  TINA BOURI; SAMER BOURI; and          CASE NO. 24-cv-6869
    BANDALI BOURI, by and through his     Civil Rights
13  guardian ad litem, LUAY BOURI;
                                          COMPLAINT FOR PRELIMINARY AND
14                                        PERMANENT INJUNCTIVE RELIEF AND
            Plaintiffs,                   DAMAGES:
15
16          v.
                                          1)  Violation of the Federal Fair Housing Act (42
17  STONEBRAE HOMEOWNERS                       USC § 3601 *et seq.*)
    ASSOCIATION; and HOMEOWNER
18  ASSOCIATION SERVICES, INC.;           2)  Violation of the California Fair Employment
                                              and Housing Act (Gov't Code § 12926 *et seq.*)
19          Defendants.
                                          3)  Violation of the California Disabled Persons
20                                            Act (Civil Code § 54 *et seq.*)

21                                        4)  Violation of the California Unruh Act (Civil
                                              Code § 51(b))
22

23                                        DEMAND FOR JURY TRIAL

24

25

26          Plaintiffs TINA BOURI; SAMER BOURI; and BANDALI BOURI, by and through his

27  guardian ad litem, LUAY BOURI complain of Defendants STONEBRAE HOMEOWNERS

28  ASSOCIATION; and HOMEOWNER ASSOCIATION SERVICES, INC., and allege as follows:

        PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       1.      **INTRODUCTION:**  Plaintiffs TINA BOURI; SAMER BOURI; and BANDALI

2    BOURI, by and through his guardian ad litem, LUAY BOURI ("Plaintiffs") bring this action

3    against STONEBRAE HOMEOWNERS ASSOCIATION; and HOMEOWNER ASSOCIATION

4    SERVICES, INC. ("Defendants"). Defendants are responsible for overseeing the management,

5    maintenance, and enforcement of living rules at the residential community located at the

6    intersection of Stonebrae Rd and Country Club Dr in Hayward, California ("Stonebrae").

7       2.      Plaintiffs repeatedly requested reasonable accommodations from Defendants for

8    BANDALI BOURI's disability but were denied at every turn. Plaintiffs extended the driveway at

9    their residence in Stonebrae to ensure sufficient space for BANDALI BOURI and another

10    disabled family member, now deceased, to safely enter and exit their vehicles and access the

11    home. Considering the disabilities involved, TINA BOURI requested an exception to the

12    community's home improvement rules as a reasonable accommodation. However, Defendants

13    assert that the driveway extension exceeds the maximum limits permitted under the home

14    improvement rules and have refused to grant the requested exception.

15       3.      By this action, Plaintiffs seek injunctive relief and compensation for experiencing

16    the discrimination they faced and continue to face from Defendants.

17       4.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.

18    section 1331 for violations of the Fair Housing Act, 42 USC sections 3601 *et seq*.  This Court has

19    jurisdiction over the supplemental state-law claims brought under California law pursuant to 28

20    U.S.C. section 1367.

21       5.      **VENUE:**  Venue is proper in this court pursuant to 28 U.S.C. section 1391(b) and

22    is founded on the fact that the real property which is the subject of this action is located in this

23    district and that Plaintiff's causes of action arose in this district.

24       6.      **PARTIES:**  Plaintiff BANDALI BOURI, by and through his guardian ad litem,

25    LUAY BOURI, is a person with physical disabilities resulting from Down Syndrome.

26    Consequently, he is significantly limited in his ability to walk and relies on a wheelchair for

27    mobility outside his home. While he does not reside at Stonebrae, he visits his sister-in-law,

28    TINA BOURI, and his brother, SAMER BOURI, there approximately every two weeks.

PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7.     Plaintiff TINA BOURI, the wife of SAMER BOURI, has resided in her home at Stonebrae, which she owns with her husband, since 2021. TINA BOURI has suffered fear, anxiety, stress, humiliation and worry due to the effect of Defendants' denial of reasonable accommodations for Plaintiff BANDALI BOURI. She has suffered actual injury due to Defendants' discriminatory housing practices and thus she is also an "aggrieved person" under 42 U.S.C. § 3602(i) and 42 U.S.C. § 12182(b)(1)(E), California Civil Code §§ 51(f) and 54.1(f).

8.     Plaintiff SAMER BOURI the husband of TINA BOURTI, has resided in his home at Steonbrae, which he owns with his wife, since 2021. SAMER BOURI has suffered fear, anxiety, stress, humiliation and worry due to the effect of Defendants' denial of reasonable accommodations for Plaintiff BANDALI BOURI. He has suffered actual injury due to Defendants' discriminatory housing practices and thus he is also an "aggrieved person" under 42 U.S.C. § 3602(i) and 42 U.S.C. § 12182(b)(1)(E), California Civil Code §§ 51(f) and 54.1(f).

9.     Defendant STONEBRAE HOMEOWNERS ASSOCIATION ("HOA") is, and was at all relevant times, the homeowner's association of Stonebrae, including TINA BOURI'S and SAMER BOURI's house. Plaintiffs are further informed and believe, and thereon allege, that the HOA is a "person" within the meaning of the FHA, 42 U.S.C. § 3602(d), an "owner" within the meaning of FEHA, Government Code § 12927(e), and a business establishment under the Unruh Act, Civil Code § 51.

10.    Defendant HOMEOWNER ASSOCIATION SERVICES, INC. ("HOA Services"), is, and was at all relevant times, the management company of Stonebrae, including TINA BOURI'S and SAMER BOURI's house. Plaintiffs are further informed and believe, and thereon allege, that HOA Services is a "person" within the meaning of the FHA, 42 U.S.C. § 3602(d), an "owner" within the meaning of FEHA, Government Code § 12927(e), and a business establishment under the Unruh Act, Civil Code § 51.

11.    Defendants are responsible for overseeing the management, maintenance, and enforcement of living rules at Stonebrae.

12.    Plaintiffs are informed and believe, and on such information allege, that at all times mentioned here, Defendants, and each of them, were the agents, servants, employees, and

1    representatives of each of the other Defendants, and performed all acts and omissions stated here

2    within the scope of such agency or employment or representative capacity, and/or as part of a

3    joint venture and common enterprise with one or more of the other Defendants, and are

4    responsible in some manner for the acts and omissions of the other Defendants in proximately

5    causing the damages complained of here.  All actions alleged herein were done with the

6    knowledge, consent, approval and ratification of each of the Defendants here, including their

7    managing agents, owners, and representatives.

8            13.    **FACTUAL STATEMENT:** On September 30, 2021, Plaintiffs moved into their

9    residence at Stonebrae. Shortly after moving in, Plaintiffs recognized the need to modify the

10   driveway to ensure it was accessible for two individuals who rely on wheelchairs for mobility,

11   BANDALI BOURI and Juliette Bouri, who is now deceased. The original driveway did not

12   provide adequate space for safe and convenient wheelchair access. Approximately two weeks

13   after moving in, Plaintiffs extended the driveway by about 3.5 feet on one side and about 6 feet

14   on the other side, resulting in a total extension of approximately 9.5 feet:



14.     This modification was essential for creating a wheelchair accessible setup that would allow both wheelchair users to safely enter and exit the property.

15.     At the time of the driveway extension, Defendants had the following policy regarding home improvements:

> Driveway extensions should be of complementary materials and patter sufficiently different from the existing driveway as to give the appearance of a walkway rather than a widened driveway. A width of 18" on each side are generally permissible. 24" wide extensions will be considered as long as they align with the curb cut end, expansion joint or other feature at the curb. Any further widening must be within 12' of the front-facing garage and must taper rapidly back to the driveway width. The ARC may require additional screening planting with any driveway widening

16.     Plaintiffs were not aware of this policy at that time.

17.     At the time of the extension, Plaintiffs did not receive any objections or violation notices from Defendants. On May 15, 2023, nearly 18 months after the driveway was modified, Plaintiff TINA BOURI and SAMER BOURI received a violation notice from Defendants. The notice stated that the driveway extension did not comply with the community's architectural guidelines which limited driveway and requested that Plaintiff TINA BOURI submit plans for the changes made for review and approval by the architectural committee.

18.     On May 30, 2023, Plaintiff TINA BOURI provided the necessary plans and explained that the modifications was made to accommodate wheelchair access. Plaintiff TINA BOURI emphasized the necessity of the extension for mobility of disabled individuals at her home.

19.     Despite this explanation and the submission of the plans, Defendants denied the modifications and insisted that the driveway extension be reduced to within the limits of their policy. However, the maximum allowable extension did not provide sufficient space for safe wheelchair access.

20.     As an alternative solution, Plaintiff TINA BOURI suggested that Defendants provide an accessible pathway or sidewalk in front of Plaintiffs' home that would allow two wheelchairs to safely maneuver, maintaining the aesthetic standards of the community while

ensuring necessary accessibility. The incorporation of a sidewalk to facilitate vehicle parking would enable the unloading of disabled passengers and provide direct wheelchair access to her home, or alternatively, a designated accessible parking space could be provided.

21.     Defendants responded by asking Plaintiff TINA BOURI to provide architectural drawings for the proposed sidewalk or pathway. She explained that, as a homeowner and not a licensed architect, she is not qualified to create such plans. Furthermore, since the proposed sidewalk would be on Defendants' property, it would be their responsibility to design and implement such an accommodation.

22.     As of the date of this Complaint, Defendants have continued to refuse rescinding the violation.

23.     Accordingly, Plaintiffs have had no choice but to initiate this litigation.

**FIRST CAUSE OF ACTION:**

**VIOLATION OF THE FEDERAL FAIR HOUSING ACT**

**(42 U.S.C. § 3601 et seq.)**

24.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 23, above, and incorporates them herein by reference as if separately repleaded hereafter.

25.     Defendants have violated the FHA including, but not limited to, 42 U.S.C. §3604(f)(3)(B) which makes it unlawful to discriminate by refusing "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."

26.     Defendants had actual knowledge that Plaintiff BANDALI BOURI is a person with a disability.  Plaintiff TINA BOURI affirmatively requested the accommodation in form of the driveway extension beyond the limits allowed by Defendants' policy on behalf of BANDALI BOURI.

27.     Defendants repeatedly refused to modify their policy regarding driveway extensions.

28.     Defendants maintain a pattern and practice of denying Plaintiffs full and equal access to their dwelling by refusing to grant the accommodation request.

29.     Based upon the foregoing, Plaintiffs are entitled to actual damages, punitive and exemplary damages as set forth below.

WHEREFORE, Plaintiffs pray for damages and injunctive relief as hereinafter stated.

## SECOND CAUSE OF ACTION:

## VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

### (Cal. Government Code § 12955 et. seq.)

30.     Plaintiffs re-plead and incorporate by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 29 of this Complaint and incorporates them herein as if separately re-pleaded.

31.     The Fair Employment and Housing Act (FEHA) prohibits discrimination on the basis of disability in housing.  Gov. C. § 12955 *et seq.*

32.      The subject premises is a "housing accommodation" within the meaning of FEHA. Cal. Gov't Code § 12927.

33.     Based upon the foregoing, Defendants have violated the protections of FEHA by failing to modify policies and practices to provide reasonable accommodations to Plaintiff BANDALI BOURI, including changes in policies, programs and procedures that allow persons with disabilities to enjoy their dwelling to the same extent as those without disabilities.

34.     Based upon the foregoing, Plaintiffs are each entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

WHEREFORE, Plaintiffs pray for damages as hereinafter stated.

## THIRD CAUSE OF ACTION:

## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

### (Cal. Civ. Code § 54 et seq.)

35.     Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein,

PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

the allegations contained in Paragraphs 1 through 34 of this Complaint and incorporates them herein as if separately re-pleaded.

36.     The Disabled Persons Act (DPA) requires, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to all housing accommodations offered for rent, lease, or compensation in this state, subject to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." Civ. C. § 54.1(b)(1).

37.     The subject premises is a housing accommodation within the meaning of Civil Code section 54.1(b)(2).  Plaintiff BANDALI BOURI is a person with a disability within the meaning of the DPA, and Plaintiffs TINA BOURI and SAMER BOURI are a aggrieved persons by their close association with him.

38.     Based upon the foregoing, Defendant has violated the DPA as follows:

      a.     Denying Plaintiffs full and equal access to their housing accommodations, (Civ. C. § 54.1(b)(1));

      b.     Refusing to "make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises."  (Civ. C. § 54.1(b)(3)(B));

39.     Plaintiffs have suffered actual damage as a result of such failures which they allege is the result of Defendants' knowing and intentional violation of their rights as a disabled person and a person associated with a disabled person under California Law.

40.     Based upon the foregoing, Plaintiffs are entitled to statutory damages, actual damages, punitive and exemplary damages as set forth below.

WHEREFORE, Plaintiffs request relief as outlined below.

## FOURTH CAUSE OF ACTION:

## VIOLATION OF UNRUH CIVIL RIGHT ACT

### (Cal. Civ. Code § 51 *et. seq.*)

41.    Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 40 of this Complaint and incorporates them herein as if separately re-pleaded.

42.    At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

43.    Defendants operate a business establishment and Plaintiff BANDALI BOURI is a person with a disability within the meaning of the Unruh Act. Furthermore, Plaintiffs TINA BOURI and SAMER BOURI are persons closely associated with a person with a disability.

44.    Defendants violated the Unruh Act by its acts and omissions, including but not limited to, failure and refusal to modify the policies and procedures as necessary to ensure Plaintiffs full and equal access to the accommodations, advantages, facilities, privileges, or services;

45.    Plaintiffs do not claim a violation of the Americans with Disabilities Act (ADA) as incorporated into Unruh, Civil Code section 51(f). They claim a violation of Civil Code section 51(b), independently of the ADA under State law.

46.    Plaintiffs are informed, believes and thereon allege that Defendants' behavior, as alleged herein, was intentional: Defendants were aware and/or were made aware of its duties to refrain from establishing discriminatory policies and/or barriers preventing physically disabled persons from accessing its facilities, prior to the filing of this Complaint.

47.    Defendants' stubborn refusal to provide Plaintiff BANDALI BOURI with reasonable accommodation Plaintiffs demonstrates a knowing and conscious disregard for the law in general and an intentional denial of rights of disabled residents in particular. Such conduct justifies an award of treble, punitive and exemplary damages in addition to all other relief sought.

WHEREFORE, Plaintiffs request relief as outlined below.

1

2                                              **PRAYER**

3          Plaintiffs have suffered injury as a result of the unlawful acts, omissions, policies,

4   retaliation, and practices of the Defendant as alleged herein. Plaintiffs and Defendants have an

5   actual controversy and opposing legal positions as to Defendant's violations of the laws of the

6   United States and the State of California.

7          WHEREFORE, Plaintiffs prays for judgment and the following specific relief against

8   Defendants:

9          1.     An order enjoining Defendants, their agents, officials, employees, and all persons

10  acting in concert with them:

11                 a.     From continuing the unlawful acts, conditions, and practices described in

12                        this Complaint;

13                 b.     To provide a policy and procedure consistent with California and federal

14                        law to provide reasonable accommodations for persons with disabilities

15                        who live at the building or who wish to do so;

16                 c.     Grant Plaintiffs' reasonable accommodation request;

17                 d.     To train Defendants' employees and agents in how to accommodate the

18                        rights and needs of disabled persons; and

19                 e.     To implement nondiscriminatory protocols, policies, and practices for

20                        accommodating persons with disabilities.

21         2.     Retain jurisdiction over the Defendants until such time as the Court is satisfied that

22  Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible

23  facilities and policies as complained of herein no longer occur, and cannot recur;

24         3.     Award to Plaintiffs all appropriate damages, including but not limited to statutory

25  damages, general damages, punitive, and treble damages in amounts within the jurisdiction of the

26  Court, all according to proof;

27         4.     Award to Plaintiffs all reasonable statutory attorney fees, litigation expenses, and

28  costs of this proceeding as provided by law;

PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1          5.        Award prejudgment interest pursuant to Civil Code section 3291; and

2          6.        Grant such other and further relief as this Court may deem just and proper.

3

4    Date: September 30, 2024                    ALLACCESS LAW GROUP

5

6                                                   _/s/ Irakli Karbelashvili___
                                                  By IRAKLI KARBELASHVILI, Esq.
7                                                 Attorney for Plaintiffs

8

9                                    **JURY DEMAND**

10         Plaintiff demands a trial by jury for all claims for which a jury is permitted.

11
     Date: September 30, 2024                    ALLACCESS LAW GROUP
12

13                                                  _/s/ Irakli Karbelashvili___
                                                  By IRAKLI KARBELASHVILI, Esq.
14                                                Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28