UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA BOURI, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>STONEBRAE HOMEOWNERS ASSOCIATION, et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-06869-LJC<br><br>**ORDER REGARDING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM**<br><br>Re: Dkt. No. 4 |

　　　　Before the Court is Plaintiffs' petition to have Luay Bouri, Plaintiff Bandali Bouri's brother and purported legal guardian, appointed as Bandali Bouri's guardian ad litem. ECF No. 4. Before ruling on the petition, the Court must determine if Bandali Bouri is incompetent under California law, and accordingly directs Plaintiffs and Luay Bouri to submit supplemental filings and appear at 10:30 am on November 26, 2024 for a hearing on the petition. The hearing will be held in person in Courtroom G.

　　　　Pursuant to Federal Rules of Civil Procedure Rule 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Under California law, "a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, No. C 09-04458, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012). Courts may consider a broad "range of evidence […] when determining a party's competency, including sworn declarations from those who know the allegedly incompetent person, the representations of counsel, medical records or diagnoses, a

report of mental disability by a government agency, and the court's own observations, interactions, and direct questioning of the party." *Shiflett v. City of San Leandro,* No. 21-cv-07802, 2023 WL 2815357, at *2 (N.D. Cal. Apr. 6, 2023). A finding that an individual is incompetent must be supported by a preponderance of the evidence. *Id.* Courts may appoint a guardian ad litem for an incompetent adult "only (1) if he or she consents to the appointment or (2) upon notice and hearing." *Golden Gate Way v. Stewart*, 2012 WL 4482053, at *2.

The Court directs Plaintiffs to submit briefing and evidence in support of the petition. The submission must include a declaration by Luay Bouri establishing why he is an appropriate guardian ad litem and describing Bandali Bouri's disability and capacity to understand the nature or consequences of the proceedings. If Plaintiff Bandali Bouri is able to do so, he is directed to submit a declaration attesting to the nature of his disability and if he consents to Luay Bouri serving as his guardian ad litem in this case. The Court will consider additional evidence, including but not limited to medical verification of Bandali Bouri's disability and declarations from Plaintiffs Tina Bouri and Samer Bouri. Plaintiffs' briefing must be filed no later than November 13, 2024. The Court directs Plaintiffs to comply with the attestation requirements of Local Rule 5-1(i).

The Court directs Luay Bouri to appear at the hearing on this matter and be prepared to discuss his qualifications to act as Bandali Bouri's guardian ad litem and Bandali Bouri's disability and capacity to understand the proceedings. The Court further directs Plaintiff Bandali Bouri to appear at the hearing, and, if he is able to do so, be prepared to answer the Court's questions regarding his ability to participate in the proceedings. After the briefing and evidence is filed on November 13, 2024, the Court may move this hearing to Zoom. Plaintiff may also file an administrative motion requesting to hold the hearing via Zoom. That administrative motion is due no later than November 13, 2024.

**IT IS SO ORDERED.**

Dated: November 1, 2024

LISA J. CISNEROS
United States Magistrate Judge

2