United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA BOURI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>STONEBRAE HOMEOWNERS ASSOCIATION, et al.,<br><br>    Defendants. | Case No. 24-cv-06869-LJC<br><br>**ORDER GRANTING PETITION FOR APPOINTMENT OF LUAY BOURI AS GUARDIAN AD LITEM FOR PLAINTIFF BANDALI BOURI**<br><br>Re: Dkt. No. 4 |

    Pending before the Court is a Petition for Appointment of Guardian Ad Litem filed on October 14, 2024, seeking the appointment of Luay Bouri as guardian ad litem for Plaintiff Bandali Bouri. ECF No. 4. On November 1, 2024, the Court directed Plaintiffs to file further briefing and evidence in support of the petition and set a hearing on the petition. Plaintiffs filed a supplemental brief, and three supporting declarations by Luay Bouri, Samer Bouri, and Tina Bouri. ECF Nos. 14, 14-1, 14-2, 14-3. Luay's declaration attached a true and correct copy of a letter from Bandali's nurse practitioner, dated August 13, 2024, explaining his patient's diagnosis of Down syndrome and his communicative and cognitive impairments, and a 2008 document from San Mateo County Health authorizing him to receive Bandali's medical information. Tina's declaration explained, among other things, that she cared for Bandali for three years while he was living in her home. She shared that Bandali is unable to cook, live independently, or make safe decisions without adult supervision, and requires constant oversight. Tina opined, based on her extensive experience caring for Bandali, that in her view he has the mental capacity of a four-year old child, his disability severely impacts his ability to comprehend important matters, and he is unable to understand the concept of legal proceedings.

    A hearing was held via Zoom on November 26, 2024, and the proceedings were recorded.

At the hearing, Plaintiffs' counsel represented to the Court that Bandali had no appointed conservator or general guardian. The Court found good cause to take testimony through a remote court appearance, *see* Fed. R. Civ. P. 43, and Luay Bouri and Tina Bouri were placed under oath to answer follow-up questions regarding their declarations. Luay testified that Bandali currently lives in a boarding house in Foster City, while he lives in Elk Grove, California, but he sees Bandali on a regular basis—weekly and sometimes twice weekly. With regard to the management of Bandali's financial affairs, Luay testified that he is the representative payee for Bandali's payments from the Social Security Administration. He also testified that Bandali recently had a hip replacement and struggles with dementia. Tina Bouri testified that while Bandali lived in her home, she saw him on a daily basis and she regularly dropped him off at a school for developmentally disabled adults. Bandali Bouri and Samer Bouri also attended the hearing and were visible on Zoom, though they were not questioned. The Court observed Bandali throughout the proceeding.

Pursuant to Federal Rules of Civil Procedure Rule 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Under California law, "a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, No. C 09-04458, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012). Courts may consider a broad "range of evidence […] when determining a party's competency, including sworn declarations from those who know the allegedly incompetent person, the representations of counsel, medical records or diagnoses, a report of mental disability by a government agency, and the court's own observations, interactions, and direct questioning of the party." *Shiflett v. City of San Leandro*, No. 21-cv-07802, 2023 WL 2815357, at *2 (N.D. Cal. Apr. 6, 2023). A finding that an individual is incompetent must be supported by a preponderance of the evidence. *Id.* Courts may appoint a guardian ad litem for an incompetent adult "only (1) if he or she consents to the appointment or (2) upon notice and

2

1  hearing." *Golden Gate Way*, 2012 WL 4482053, at *2.

2      Having considered the petition, the relevant legal authorities, and the record, the petition is
3  GRANTED. Given the written and oral testimony from Bandali's close family members, and the
4  attached medical documentation, it is evident that he lacks the capacity to understand the nature of
5  the proceedings in this action. Furthermore, Bandali's brother Luay has been a longstanding
6  source of support in managing his financial and health affairs, and therefore he is an appropriate
7  person to protect Bandali's interests in this litigation. Good cause appearing, pursuant to Rule
8  17(c)(2) of the Federal Rules of Civil Procedure, Luay Bouri is appointed as a Guardian ad Litem
9  for Plaintiff Bandali Bouri in this action.

10  **IT IS SO ORDERED.**

11  Dated: November 26, 2024

LISA J. CISNEROS
United States Magistrate Judge

3